STARR S. JONES v. SIMON PRIESTER.

(No. 47, Tex. L. J., vol. 1, p. 66.)

APPEAL from Galveston County. Opinion by WINKLER, J.

§ 613. *Common carrier; liability for lost baggage.* Jones was a common carrier, doing business under the

style and name of "Jones' Baggage Transfer Line and General Ticket Office," transferring and transporting luggage and baggage to and from the different traveling conveyances arriving at and departing from Galveston. Priester sued him for the value of a lost trunk and its contents. Amongst the contents sued for were sixteen yards of silk, two dozen goblets, a half bushel of canary seed, $100 in coin and $200 in currency.

Appellant pleaded that he was not bound in law to pay for the money, because the amount claimed to have been in the trunk was greater than was necessary for usual and ordinary traveling expenses. And that he was not liable for any of the other articles above mentioned, because none of them were or are comprehended under the head of baggage.

The court instructed the jury as follows: "The defendant in the transaction set up assumed the liability, as a common carrier, and became liable to plaintiff for the safe delivery to plaintiff, at Galveston, of the trunk delivered by plaintiff to defendant, or for the value of such contents as are customarily carried by travelers on such a journey as the proof may show the plaintiff to have been prosecuting, which includes wearing apparel and whatever is reasonably necessary for the comfort and convenience of the traveler during the time and in the intervals of active traveling when engaged on such journey; and this includes, also, such a sum of money as the jury may judge it to have been reasonable for the traveler to have with him to meet actual and incidental or contingent expenses of the journey on which he was engaged. It will also include such articles, if trifling and reasonable in amount, which may be purchased while abroad for the use of the traveler's family at home, such as, ordinarily, men are in the habit of bringing to their families in that way; any other articles carried, as merchandise, or money carried for the purpose of carrying funds from one point to another, is not included," etc. *Held* that the charge was correct. .

§ 614. *"Baggage;" what is.* The question as to what is embraced in the term "baggage" is one made up of both law and fact. As to whether certain classes of articles usually transported by the different modes of public conveyance would be included within the term or not, is. a question of law; but when the question is as to the quantity of the articles generally coming under that denomination, then it becomes a question of fact to be found by the jury. The responsibility of carriers of baggage will not attach where the goods lost were mere articles of trade and business—articles of merchandise, and not for personal use. [Collins v. Boston & Maine R. R. 10 Cush. 507.] The implied undertaking of the proprietors of stage coaches, railroads and steamboats, to carry in safety the baggage of passengers, is not unlimited, and cannot be extended beyond ordinary baggage, or such baggage as travelers usually carry with them for personal convenience. It is never admitted to include merchandise, and it has been expressly held that although owners of steamboats are liable as common carriers for the baggage of passengers, that is, for such articles of necessity and personal convenience as are usually carried by passengers, they cannot be liable for the loss of a trunk containing valuable merchandise and nothing else, which trunk was lost after being taken on board the steamboat and deposited with the ordinary baggage. [Angell on the Law of Carriers, § 115.] We think it was proper for the judge to submit to the jury whether the contents mentioned came under the head of merchandise and were carried for purposes of trade, or whether they were carried merely for the comfort and convenience of the traveler, either on the journey or after reaching his destination. As to what would be necessary for the convenience and comfort of the traveler would necessarily depend upon the nature of his trip and all the circumstances attending it.

§ 615. *Money; as to amount of, carried with baggage.* Whilst in Orange County Bank v. Brown, 9 Wend. 85, it was held that $11,250 would evidently be more than

would ordinarily be required to meet the expenses of a journey, can it be said that three or four hundred dollars would be too large a sum to meet the contingencies of a journey of a few hundred miles? At any event the matter should be left to the jury, under all the circumstances of the case, to determine whether the sum was greater than necessary or not.

February 8, 1877.                                 Affirmed.